IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

 Plaintiff,

 v.              Case No. 17-20007-06-JAR

EDELFONSO GONZALEZ-GONZALEZ,

 Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Edelfonso Gonzalez's *pro se* Motion for Compassionate Release (Doc. 373).[1] The Government has filed a response brief. Defendant did not reply. As explained more fully below, the Court dismisses Defendant's motion for failure to exhaust his administrative remedies.

Defendant has filed a separate motion for appointment of counsel to assist in filing a compassionate release motion or other motion for sentencing relief. But there is no constitutional right to counsel beyond the direct appeal of a criminal conviction.[2] Nor is there right to counsel to assist with a § 3582(c)(2) motion.[3] Moreover, Defendant's fifteen-page motion, not including exhibits, demonstrates Defendant's ability to prepare and file a substantive motion addressing issues of law and fact without the assistance of counsel.

**I. Background**

---

[1] Because Defendant appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).

[3] *United States v. Campo*, 630 F. App'x 813, 816 (10th Cir. 2015).

On November 4, 2019, Defendant pleaded guilty, without a plea agreement, to Counts 1, 2, 9, 10, 11, 18 and 19 of the Third Superseding Indictment.[4] Defendant thus pleaded guilty to: conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, conspiracy to possess with intent to distribute 50 grams or more of methamphetamine on premises where a minor resides or is present, distribution of 50 grams or more of methamphetamine, possession with intent to distribute 50 grams or more of methamphetamine, possession with intent to distribute and distribution of 50 grams or more of methamphetamine on premises where a minor resides or is present, maintaining a drug residence, and unlawful reentry subsequent to an aggravated felony.[5]

On September 10, 2020, the Court imposed a sentence for a controlling term of 360 months' imprisonment and a controlling term of 10 years of supervised release. Defendant's expected release date is May 12, 2042.

Defendant now asks the Court to reduce his sentence on three grounds: (1) the distinction between methamphetamine and actual methamphetamine requires a reduction in sentence, (2) the guideline calculation should not have included relevant conduct that was based on acquitted conduct, and (3) he has received a low-risk recidivism assessment.[6]

## II.     Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One

---

[4] Doc. 230.

[5] In violation of: 21 U.S.C. 846; 21 U.S.C. 841(a)(1), 841(b)(1)(A)(viii); 21 U.S.C.860a; 21 U.S.C. 856(a)(1), 856(a)(2) and 18 U.S.C. 2; 8 U.S.C. 1326(a), 1326(b)(2); 6 U.S.C. 202(3), 202(4); 6 U.S.C. 557.

[6] Doc. 373.

such exception is contained in § 3582(c)(1).");[7]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[8] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[9]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[10]  If the court grants the motion, however, it must address all three steps.[11]

### III.  Discussion

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that the government may waive or forfeit.[12]  But when "properly invoked," mandatory claim-processing rules "must be enforced."[13]  Here, the Government argues that this Court must

---

[7] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[8] Pub. L. No. 115-391, 132 Stat. 5194.

[9] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[10] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[11] *McGee*, 992 F.3d at 1043 (citation omitted).

[12] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[13] *Hamer v. Neighborhood Hous. Servs. of Chi.*, 538 U.S. 17, 20 (2017); *see also United States v. Johnson*, 849 F. App'x 750, 752–53 (10th Cir. 2021) (explaining that the statute's exhaustion rule "is mandatory, rather than judicially waivable"); *United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) ("[Section 3582(c)(1)(A)'s] exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

dismiss Defendant's motion without reaching the merits because he fails to show that he has satisfied the statute's exhaustion requirement.  Defendant offered no evidence of exhaustion in his motion, and he did not file a reply responding to the Government's invocation of the exhaustion rule.  Because the exhaustion requirement is a mandatory condition that has been properly invoked by the Government, the Court must dismiss Defendant's compassionate release motion without prejudice to refiling if and when he exhausts his administrative remedies.[14]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Edelfonso Gonzalez-Gonzalez's Motion for Compassionate Release (Doc. 373) is **dismissed without prejudice to refiling** once he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Dated: October 31, 2024

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[14] *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) ("Like dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice.").